# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMEELAH LEWIS,

    Plaintiff

v.

LIBERTY MUTUAL AUTO AND HOME SERVICES, LLC,

    Defendant

Case No.: 2:19-cv-01272-APG-BNW

**Order Remanding Case to State Court**

Defendant LM General Insurance Company, which asserts it has been erroneously sued as Liberty Mutual Auto and Home Services, removed this action on the basis of diversity jurisdiction. ECF No. 1. I ordered LM to show cause why the case should not be remanded because the removal petition did not address the citizenship of the defendant and because the amount at issue does not meet this court's jurisdictional amount. LM's response offers insufficient facts to support the court's exercise of jurisdiction.[1]

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . . This burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.

*Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (internal quotations and citations omitted). "[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under

---

[1] LM did not respond to the portion of my order directing it to identify what type of entity it is and the citizenship of its members (if it is an LLC). ECF No. 4 at 1.

this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ-WGC, 2013 WL 757621 at *1 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). In making that analysis, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense.").

Here, there is considerable doubt as to LM's right to remove this case because it appears unlikely that the amount in controversy exceeds $75,000. As of December 2018, plaintiff Jameelah Lewis had incurred $38,892.00 in medical expenses, but had recovered $50,000 from the tortfeasor's insurer. ECF No. 14-3 at 2, 3. It is speculative whether future injections or treatments will be needed. ECF No. 14-2 at 2-3 ("If her pain returns, . . . she will be a candidate for RFAs at these spinal levels.").

2

Lewis's complaint asserts three causes of action,[2] each seeking "in excess of $15,000." ECF No. 1-1. But Lewis has pleaded some of those claims in the alternative and, regardless, she is entitled to only one recovery for her damages. And although Lewis has also asserted claims for extra-contractual and punitive damages and attorneys' fees, there is little if any evidentiary support for those remedies other than the fact that her complaint requests them.

Finally, LM makes repeated reference to Lewis's demand for $98,000 to settle the dispute. But a plaintiff's pre-suit demand is not dispositive. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citations omitted). Here there is no evidence that Lewis's claim is worth $98,000, given that she received from the tortfeasor's insurer more than the amount of her medical bills. *See Jackson v Select Portfolio Servicing, Inc.*, 651 F.Supp.2d 1279 (S.D. Ala. 2009) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.").

Based on my judicial, legal, and practical experience and common sense, I find that LM has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-62; *Iqbal*, 556 U.S. at 679. Consequently, I must remand this action to state court.

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 13th day of August, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] The complaint improperly labels her claim for punitive damages as the fourth cause of action. That claim is a remedy, not a cause of action. ECF No. 1-1 at 11.

3